| | | |
|---|---|---|
| UNITED STATES DISTRICT COURT | | SOUTHERN DISTRICT OF TEXAS |

MICHAEL JOHN TURNBOUGH, §
§
      Plaintiff, §
§
versus §    Civil Action H-09-0098
§
RICK THALER, §
§
      Defendant. §

# Opinion on Dismissal

Michael John Turnbough sues Rick Thaler, the director of the Texas prison system, for civil rights violations. 42 U.S.C. § 1983. Turnbough moves to proceed as a pauper. 28 U.S.C. § 1915. Turnbough is held in a Texas prison.

1. *Claims*

In 2007, Turnbough was living in Indiana. He was serving a Texas prison sentence under mandatory supervision release. On October 5, 2007, police arrested him under a warrant alleging he violated the terms of his mandatory supervision. He stayed in jail in Indianapolis for about two months. Texas extradited him and officers brought him to Huntsville, Texas. Later, prison officers took him to a Texas prison. He stayed in prison until officials released him again to mandatory supervision.

While in custody, the Parole Board moved to revoke Turnbough's mandatory supervision release. Turnbough says that at the revocation hearing the Board granted him relief. Officials kept him in custody from October 5, 2007, through January 31, 2008. He claims he is entitled to relief here because parole officials unconstitutionally deprived him of his liberty during this period. He says this custody is unconstitutional because the Board granted him relief on the motion to revoke. Turnbough seeks monetary damages and injunctive relief.

Turnbough argues Indiana officials imprisoned him without any substantive wrong by him. He states parole officers arrested him on October 5, 2007, on charges of violating his mandatory supervision and he was illegally held by Indiana and Texas officials for the following five months.

He contends the law forbids imprisonment for mere technical violations. Turnbough points out that the hearing officer found in his favor on both revocation grounds.

## 2. Parole Board Custody

As a Texas felon, Turnbough remained under the custody of the Parole Board on release from prison to mandatory supervision. TEX. GOV'T CODE ANN. §§ 508.251, 508.252, 508.254, 508.256, 508.283. He was subject to arrest based on any allegation that he committed a crime or otherwise violated the terms of his mandatory supervision release. *Id.*, §§ 508.251, 508.252. On arrest, the statute authorized parole officials to hold him pending a determination whether he violated his mandatory supervision conditions. *Id.*, § 508.254. After a decision by the Parole Board, the statute authorized the Board to revoke his mandatory supervision release and send him back to prison, or continue his mandatory supervision. *Id.*, §§ 508.254, 508.283.

The custody Turnbough challenges is part of his original punishment under Texas sentencing laws. As part of Texas's statutory scheme, prison officials may release a convicted felon from prison before his sentence fully expires and he is subject to detention on any allegation that he violated the terms of his release. During the time in question, Turnbough was on mandatory supervision subject to return to confinement on a simple allegation that he violated his release conditions.

Turnbough was held in custody under Texas sentencing laws from October 2007 to January 2008. The custody he challenges is part of Texas's statutory punishment scheme. He does not say anything which shows that this punishment system is unconstitutional in general or as applied to him. Turnbough fails to state a claim recognized at law.

## 3. *Heck v. Humphrey*

A civil rights claim for damages which indirectly challenges the validity of a conviction or confinement cannot proceed unless the conviction or confinement has been overturned. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). The *Heck* holding covers parole revocations. *Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir. 1995). *Heck* also applies to claims for injunctive relief that imply the invalidity of a conviction or custody. *Kutzner v. Montgomery County*, 303 F.3d 339, 340-41 (5th Cir. 2002). Turnbough contends that the Parole Board overturned his custody under *Heck* because they granted him relief at the revocation hearing. As Turnbough says, the Parole Board ruled in his favor when it denied the motion to revoke his mandatory supervision release. This, however, does not show that the custody under challenge has been overturned.

A parole officer accused Turnbough of making a threat and changing his residence. (9-1, 5) The hearing officer found that Turnbough did not violate the parole rules. *Id.* The Parole Board denied the motion to revoke Turnbough's mandatory supervision release. (9-1, 5-11) The Board ordered that Turnbough's mandatory supervision continue and that the parole revocation warrant be withdrawn. (9-1, 5; 9-2, 2)

Nothing in the Parole Board's ruling implies the invalidity of Turnbough's custody under the parole revocation warrant. The Board members possibly decided that the allegation that Turnbough violated the terms of his mandatory supervision release was not true. Alternatively, the Board could have concluded that some or all of the grounds were true, but determined that Turnbough was still suited for mandatory supervision. Neither of these scenarios imply the invalidity of Turnbough's custody. Even if the Parole Board agreed with the hearing officer that Turnbough did not engage in the conduct alleged, this does not render his custody under the parole warrant unconstitutional. An acquittal in a criminal trial does not render the defendant's pretrial custody unconstitutional.

The revocation hearing did not undermine the custody Turnbough challenges. He has not shown that his mandatory supervision revocation proceeding or his challenged custody has been overturned or invalidated. Turnbough has not overcome *Heck v. Humphrey*. The holding in *Heck* bars Turnbough's damages claims and his requests for injunctive relief. This court must dismiss Turnbough's claims under *Heck*.

4. *Exhaustion of State Court Remedies*

Turnbough's claims suffer from another problem. Insofar as his claims sound in habeas corpus, he has failed to exhaust his state court remedies. A person in custody under the judgment of a state court must exhaust his state court remedies before applying for habeas corpus relief in federal court. 28 U.S.C. §2254(b); *Coleman v. Thompson*, 501 U.S. 722 (1991). A federal petitioner attacking a Texas parole or mandatory supervision revocation must exhaust his state court remedies in a post-conviction habeas application. *See Board of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist.*, 910 S.W.2d 481, 483-84 (Tex. Cr. App.1995).

Turnbough has not pursued habeas corpus relief in the Texas Court of Criminal Appeals on his claims here. He has filed one habeas corpus application in the Texas Court of Criminal Appeals. < http://www.cca.courts.state.tx.us/opinions/CaseSearch.asp.> He filed this state application in 1991 challenging a conviction in Tarrant County, Texas. *Id.* His claims here arose long after 1991.

Turnbough has failed to exhaust his state court remedies on his claims. This Court will not convert this case to a habeas corpus application because Turnbough has not exhausted his state court remedies on his claims.

5. *Conclusion*

Turnbough fails to state a claim recognized at law. The holding in *Heck* bars his claims. Turnbough has not exhausted his state court remedies on his claims. This case will be dismissed.

Signed June 22, 2011, at Houston, Texas.

Lynn N. Hughes
United States District Judge